**The below described is SIGNED.**



Dated: **August 30, 2010** _____

**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

_____

*Order prepared by:*
Office of Kevin R. Anderson
Chapter 13 Trustee
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone:  (801) 596-2884
Facsimile:   (801) 596-2898
kratrusteemail@ch13kra.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>  ROBERT LEE WISDOM<br>  DIANA EVE WISDOM<br><br>Debtors. | Case No. 10-24358<br>Chapter 13<br>*FILED ELECTRONICALLY*<br>Judge R. Kimball Mosier<br>(Confirmation Hearing:  *06/22/10 at 10:00 AM*) |

**ORDER CONFIRMING DEBTORS' CHAPTER 13 PLAN**
**FOLLOWING CONTESTED CONFIRMATION HEARING**

A hearing on confirmation of the Debtors' Chapter 13 Plan came on for a hearing on *06/22/10 at 10:00 AM*.  At such hearing, Kevin R. Anderson, Chapter 13 Trustee, appeared personally or by counsel, and the Debtors were represented by counsel.  The following persons also appeared: Darwin Bingham on behalf of Mountain America Credit Union.

Based on the Court's review of the case, the representations of the Trustee and Debtors' counsel, and the evidence presented at the hearing, the Court finds that the Plan meets the requirements of §§ 1322 and 1325 and hereby ORDERS AS FOLLOWS:

Filed: 08/17/10

**CONFIRMATION OF THE PLAN**

1.      The Chapter 13 plan, as modified by this Order, is confirmed pursuant to § 1325 (hereinafter the "Plan").  Upon entry of this Order, the effective date of confirmation shall relate back to the date of the confirmation hearing.

2.      Confirmation is not a binding determination that the Plan complies with the three to five year term limits of § 1322(d).  If at any time the Trustee determines that the Plan is not feasible because its term is greater than sixty (60) months, the Trustee may serve a Notice of Non-Compliance on the Debtors and Debtors' counsel.  The Debtors will have 30 days from the service of such notice to file either an objection to claims or a motion to modify under § 1329 to bring the Plan into compliance with § 1322(d).  If the issue is not resolved within such 30-day period, the Trustee may file a motion to dismiss or to convert.

3.      Confirmation constitutes a binding determination that the Debtors have complied with the requirements of § 521(a)(1), and this case is not subject to automatic dismissal under § 521(i).

**PLAN PAYMENT AND RETURN TO NONPRIORITY UNSECURED CREDITORS**

4.      By the 25th day of each month, the Debtor shall make Plan payments to the Trustee of $1,075.00 per month for no more than 60 months.  The return to nonpriority unsecured creditors shall be the greater of $831.00 or the balance remaining after the payment of administrative, secured, and priority claims from a total contribution to the plan of $64,500.00 ($1,075.00 x 60 months).

      a.      *Tax Refunds Over the Next Three Years*.  The Debtors shall pay into the plan the total amount of yearly state and federal tax refunds that exceed $1,000 that the Debtors are entitled to receive during the three-year period starting with the petition date (e.g., tax returns for 2010 through 2012), subject to the following conditions:

            (1)      On or before April 30th of each year that falls within this three-year period, the Debtors shall provide the Trustee with a copy of the first two pages of both state and federal tax returns.  Failure to comply with this deadline may result in the Trustee filing a Motion to Dismiss. If the total amount of both

federal and state tax returns for that year exceeds $1,000, the excess shall be paid into the Chapter 13 plan not later than June 30th of that year.  Failure to comply with this deadline may result in the Trustee filing a Motion to Dismiss. However, the Debtors shall not be obligated to pay over tax refunds that have been properly offset by a taxing authority.

(2)    Tax refunds paid into the plan may reduce the overall plan term if it is greater than thirty-six (36) months, but in no event shall the amount paid into the plan be less than thirty-six plan (36) payments **plus** all tax refunds in excess of $1,000 to which the Debtors are entitled to receive during the three-year period described above.

(3)    If, after the completion of the Claims Review Process, the return to nonpriority unsecured creditors as set forth herein is the equivalent of a 100% return to such creditors, then the Trustee will have the discretion to issue a letter excusing the Debtors from compliance with this section of the confirmation order.

### CLASSIFICATION AND TREATMENT OF CLAIMS

5.  Trustee Fee:  The Trustee is allowed the commission provided by 28 U.S.C. § 586. Any reference in the Plan to the percentage of such commission is an estimate only the Trustee's commission on each disbursement will be in the applicable amount fixed by the United States Attorney General.

6.  Attorney's Fees: Debtors' counsel is awarded fees and costs in the total amount of $2,750.00 as an administrative claim under § 503(b).  Pursuant to the Bankruptcy Rule 2016 Statement filed in this case, counsel received a prepetition retainer of $531.00; therefore, the balance of $2,219.00 will be paid through the Plan.  This allowance of fees includes time for counsel to comply with the requirements of the Claims Review Process, as set forth below, but it does not limit counsel's option to seek additional fees after notice and a hearing on a fee application filed with the Court.

7.  Adequate Protection Payments:  Preconfirmation adequate protection payments under § 1326(a)(1)(C), are allowed in such amount as fixed by the Plan, a stipulation between the parties, or Court order.

8.  <u>Secured Claims</u>:  If a secured claim is provided for in the Plan or if a secured proof of claim is filed before the deadline to object to confirmation, the Trustee will set up a reserved, secured claim based on the greater of the Plan terms or the proof of claim.  However, the Trustee will not disburse on such secured claim until <u>all</u> of the following conditions are met:

a.  The Plan or a court order specifically provides that the Trustee shall disburse funds on the secured claim;

b.  The secured claim is allowed under §§ 502(a) and 506(a), which means: the secured creditor or the debtor has filed a proper proof of claim under Bankruptcy Rules 3001, 3002 and 3004, that includes a full address and account information and that is accompanied by evidence that the secured creditor's security interest has been perfected, as required by Bankruptcy Rule 3001(d); <u>***and***</u>

c.  There is no pending objection to the claim under Bankruptcy Rule 3007 or there is no pending motion to value the collateral securing such claim under Bankruptcy Rule 3012.

d.  If a creditor is provided for in the Plan as holding a secured claim, but such creditor files an unsecured claim, and such unsecured claim is deemed allowed under § 502(a) as of the completion of the Claim's Review Process (see below), the Trustee shall at that time remove the reserved, secured status of this claim and shall administer it as a nonpriority unsecured claim pursuant to the terms of the allowed claim and the confirmed plan.

9.  <u>Rulings on Secured Claims</u>.   The Court hereby makes the following rulings on secured claims provided for by the Plan.

a.  <u>Secured Claim of HSBC/Bass & Associates, P.C.</u>   Claim No. 9 filed by HSBC/Bass & Associates, P.C., shall be paid directly by a non-debtor third party, outside the Plan, without any modification to the terms of the original debt or security documents.  Neither the Trustee nor the Debtors shall make a distribution on this claim, and the Trustee shall not monitor the third-party's compliance as to direct payments to this creditor.  Consistent with such treatment, such collateral is no longer property of the bankruptcy estate, and such collateral is not subject to the automatic stay of 11 U.S.C. §

362 and 11 U.S.C. § 1301 (if applicable).

  b. <u>Secured Claim of Ford Motor Credit (Claim No. 2 and its amendments)</u>.  The secured claim of Ford Motor Credit qualifies under § 1325(a)(9) as a claim that is not subject to modification under § 506.  Therefore, such claim shall be paid as fully secured in the total amount allowed in the proof of claim, an amended proof of claim, or an order modifying such claim.  The interest rate on such claim under § 1325(a)(5)(B)(ii) shall be 4.5%.

  c. <u>Secured Claim of Heritage West Credit Union (Claim No. 12 and its amendments)</u>.  The secured claim of Heritage West Credit Union qualifies under § 1325(a)(9) as a claim that is not subject to modification under § 506.  Therefore, such claim shall be paid as fully secured in the total amount allowed in the proof of claim, an amended proof of claim, or an order modifying such claim.  The interest rate on such claim under § 1325(a)(5)(B)(ii) shall be 4.5%.

  d. <u>Secured Claim of RC Willey (Claim No. 6 and its amendments)</u>.  At the 341 Meeting in this case, the Debtors stipulated on the record to pay the secured claim of RC Willey in the following manner: a secured claim of $491.00 with interest at the rate of 6% per annum and an unsecured claim in the amount of $30.57.  The Trustee will set up a reserve secured claim based on these figures, but the Trustee will not disburse on the secured or unsecured claim of RC Willey until it has filed an allowed proof of claim with the Court that is consistent with the stipulation made at the 341 Meeting.

  e. <u>Claim of Mountain America Credit Union (Claim No. 7 and its amendments)</u>. As to the claim of Mountain America Credit Union, the Debtors have or will file an adversary proceeding under Bankruptcy Rule 7001 to remove such creditor's allegedly wholly-unsecured lien on the residence.  However, if the Debtors prevail on the adversary proceeding, the creditor shall still retain its lien until the entry of the discharge in this case under 11 U.S.C. § 1328, at which time the lien will be avoided (see 11 U.S.C. § 1325(a)(5)(B)(i)(I)).

10. <u>Mortgage Arrearage Claims</u>.

  a. If a mortgage arrearage claim is provided for in the Plan and an allowed

mortgage arrearage claim is filed before the deadline for objecting to confirmation, the Trustee will commence disbursements on such claim pursuant to the creditor name and the amount in the proof of claim.  The Trustee will cease or modify disbursements on such claim if an objection is filed to the proof of claim, the proof of claim is amended, or the proof of claim is otherwise modified by a Court order.

b.  If a mortgage arrearage claim is listed in the Plan but proof of claim has not been filed before the deadline for objecting to confirmation, the Trustee will set up a reserve claim consistent with the creditor name and the amount listed in the Plan.  The Trustee will not disburse on such claim until an allowed proof of claim is filed for the mortgage arrearage; thereafter, the Trustee will disburse on such claim pursuant to information in the proof of claim.  The Trustee will cease or modify disbursements on such claim if an objection is filed to the proof of claim, the proof of claim is amended, or the proof of claim is otherwise modified by a Court order.

c.  If a proof of claim is filed, but a mortgage arrearage claim is not provided for in the confirmed Plan, the Trustee will set up a reserve claim consistent with the proof of claim.  If the plan is modified authorizing payment of the mortgage arrearage claim, the Trustee will disburse on such claim pursuant to the creditor name and the amount in the proof of claim.  The Trustee will cease or modify disbursements on such claim if an objection is filed to the proof of claim, the proof of claim is amended, or the proof of claim is otherwise modified by a Court order.

11. Domestic Support Obligations:  Allowed, unsecured domestic support obligation claims entitled to priority under § 507(a)(1)(A) and (B) shall be paid in full.

12. Tax Claims:

a.  If any additional tax liability is determined to be due after confirmation of the Plan, the Debtors may elect to modify the Plan under § 1329 to include payment of such liability.

13. Nondischargeable Student Loan Claims.  Allowed claims for student loan obligations shall be treated as nonpriority unsecured claims.  To the extent such claims are nondischargeable under 11 U.S.C. §§ 1328(a)(2) and 523(a)(8), the Debtors shall remain liable on such claims

after completion of the Plan.

14. Conditions for Disbursements on Unsecured Claims.  Disbursements on allowed priority and nonpriority unsecured claims may commence within 45 days after the filing of the Trustee's Report of Claims referenced herein, subject to the following: (a) there are no unresolved objections to the Trustee's Report of Claims; (b) the unsecured claim is entitled to a disbursement under the Plan and priority provisions set forth herein; and (c) funds are available for the Trustee to make a distribution.

## PRIORITY OF DISTRIBUTIONS ON ALLOWED CLAIMS

15. The Trustee will disburse Plan payments pursuant to the following levels and priority of distribution:

(1)    Trustee's Fee.  The Trustee's fee on each Plan payment pursuant to § 1326(b)(2) and the applicable percentage set by the U.S. Trustee; then

(2)    Adequate Protection on Secured Claims.  Preconfirmation adequate protection payments under § 1326(a)(1)(C), to the extent not already disbursed, in such amount and for such period of time as provided for in the Plan, pursuant to a stipulation between the parties, or by order of the Court, until all such required adequate protection payments have been disbursed; then

(3)    Equal Monthly Payments on Secured Claims.  Equal monthly payments on allowed secured claims under § 1325(a)(5)(B)(iii)(I), in such amounts and commencing at such time as fixed by the Plan, stipulation, or Court order.  The monthly sum of all equal monthly payments will be disbursed, but the underlying secured claims need not be paid in full before the Trustee may disburse the balance of the monthly Plan payment, if any, to claims at a lower distribution level.  If the plan does not provide for adequate protection payments and it does not provide for equal month payments, then allowed secured claims will be paid pro rata after attorney's fees are paid in full; then

(4)    Attorney's Fees.  Allowed attorney's fees until paid in full; then

(5)    Allowed Secured Claims:  If the plan does not provide for adequate protection payments and it does not provide for equal month payments, then allowed secured claims will be paid pro rata until paid in full; then

(6)      Domestic Support Obligations.    Allowed, unsecured domestic support obligation claims entitled to priority under § 507(a)(1)(A) and (B), until paid in full; then

(7)      Arrearage Claims.    Allowed arrearage claims under § 1322(a)(5) shall receive equal monthly payments in such amounts as fixed by the Plan, stipulation, or Court order.  The monthly sum of all equal monthly payments will be disbursed, but the underlying arrearage claims need not be paid in full before the Trustee may disburse the balance of the monthly Plan payment, if any, to claims at a lower distribution level; then

(8)      Other Priority Claims.    All other allowed unsecured claims entitled to priority under § 507(a) and not specifically provided for above, until paid full; then

(9)      Nonpriority Unsecured Claims.    Allowed nonpriority unsecured claims until paid pursuant to the Plan.

## CLAIMS REVIEW PROCESS

16. Claims Review Process.   Within 60 days following the expiration of the bar date for governmental units to file claims under Bankruptcy Rule 3002(c)(1) (hereinafter the "Governmental Bar Date") (generally 180 days after the petition date), the Debtors shall file with the Court and serve on the Trustee a declaration that all claims have been reviewed and that any appropriate objections have been filed and noticed for a hearing.

17. Trustee's Report of Claims.   Within approximately 120 days following the expiration of the Governmental Bar Date, or at such time as all claim issues are resolved, the Trustee may file and serve on all parties-in-interest a Trustee's Report of Claims that will include a list of claims filed in the case, the amount of such claims, and their treatment under the confirmed Plan (e.g., secured, priority, allowed, disallowed, etc).  If no objection is filed to the Trustee's Report of Claims within 30 days after service thereof, it shall be deemed final and incorporated into this Order.  If a written objection to the Trustee's Report of Claims or an objection to a claim is filed within such 30-day period, the Trustee will file and serve an Amended Trustee's Report of Claims within 30 days after resolution of the objections or motions.  Any such written objection to the Trustee's Report of Claims must be noticed for a hearing to be held within 30 days after its filing.  If no written objection to the Amended Trustee's Report of Claims is filed within 30 days after service, it shall be deemed final and will be incorporated into the confirmation order.

18. Untimely Claims.  Unless otherwise ordered by the Court, the Trustee shall not disburse on any claim that is filed after the applicable deadline of Bankruptcy Rule 3002.

## ADMINISTRATIVE PROVISIONS

19. If the Trustee has filed an objection to an exemption claimed on Schedule C, and such exemption is not specifically ruled on by the Court in connection with confirmation of the plan, then the Trustee's objection shall remain pending, including for purposes of any motion to modify under § 1329 or in connection with any conversion to another Chapter under the Bankruptcy Code.

20. The Trustee is granted authority to set procedures for making disbursements under the Plan.  Such disbursements shall be made in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Trustee's Report of Claims as incorporated into this Order pursuant the provisions set forth above.

21. If this case is dismissed or converted to another Chapter under the Bankruptcy Code, any Plan payments received by the Trustee prior to the entry of an order of conversion or dismissal shall be paid to creditors pursuant to the Plan, while payments received after the entry of such order shall be refunded to the Debtors.  In making any final disbursement under this paragraph, the Trustee is hereby authorized to decline to disburse funds on any unsettled, contingent, disputed, duplicate, unliquidated, late-filed or otherwise legally insufficient claim, including where a disbursement check on a claim has been returned to the Trustee as undeliverable by the United States Mail.

22. In the event an error is made in disbursements to creditors, the Trustee may, without prior notice to parties-in-interest, rectify such errors by any legal means including offsets and surcharges against future disbursements in this case owing to the creditor who received the erroneous disbursement.

23. During the term of the Plan, the Debtors shall not sell or transfer property of the estate or collateral provided for in the Plan without a Court order under § 363 and prior written notice to the Trustee.  A creditor shall not accept any insurance or sale proceeds from collateral provided for in the Plan unless an amended proof of claim is filed with the Court and prior written notice thereof is provided to the Trustee.  If the Plan provides that the Trustee will make

disbursements on a specific claim, and that claim is paid from another source, the Trustee shall nonetheless be entitled to his statutory commission on such amount as would have been disbursed by the Trustee under the Plan.  At confirmation, property of the estate vests pursuant to the terms of the Plan and § 1327.

24. During the term of the Plan, the Debtors shall not incur any new material debt without a Court order under § 364.

25. If after confirmation of the Plan, a creditor amends its timely, allowed proof of claim, the Trustee shall give notice to counsel whether such amended proof of claim, if allowed, causes the Plan to be unfeasible.  If the amended claim does not render the Plan unfeasible, and if the Trustee does not receive an objection from Debtors' counsel within ten (10) days after service of such notice, the Trustee shall pay such claim in the amended amount.  If the amended claim renders the Plan unfeasible, the Trustee may move to dismiss the case or to modify the Plan.

26. The Trustee is hereby authorized to exercise discretion in administering this case including, but not limited to, out-of-Court resolutions of postconfirmation defaults arising from the Debtors' failure to make timely Plan payments.

## END OF DOCUMENT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Order was served by ECF (as indicated below) or addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid, on the 17TH ay of August 2010.  Pursuant to Rule 9021-(c), Local Rules of Practice of the United States Bankruptcy Court for the District of Utah, persons who appeared at the hearing, and who have not otherwise approved the Order, shall have eight (8) days from the date of service to file an objection to the form of the Order.  If an objection is not timely filed, the Order shall be deemed approved, and the Court may enter the Order.

CURT W. MORRIS
ECF NOTIFICATION

MOUNTAIN AMERICA CREDIT UNION
DARWIN H. BINGHAM, ESQ
SCALLEY READING BATES HANSEN
ECF NOTIFICATION

_____/s/_____
Office Chapter 13 Trustee

**COURT SERVICE LIST**

KEVIN R. ANDERSON
STANDING CHAPTER 13 TRUSTEE
ECF NOTIFICATION

CURT W. MORRIS
ECF NOTIFICATION

ROBERT LEE WISDOM
DIANA EVE WISDOM
PO BOX 247
GRANTSVILLE, UT 84029

HERITAGE WEST CREDIT UNION
MOUNTAIN AMERICA CREDIT UNION
DARWIN H. BINGHAM, ESQ
SCALLEY READING BATES HANSEN
ECF NOTIFICATION

FORD MOTOR CREDIT COMPANY, LLC
PO BOX 6275
DEARBORN, MI 48121

RC WILLEY FINANCIAL SERVICES
PO BOX 65320
SALT LAKE CITY, UT 84165

CITIMORTGAGE, INC
PO BOX 140609
IRVING, TX 75019

HSBC
BASS & ASSOCIATES, P.C.
3936 E FT LOWELL, STE 200
TUCSON, AZ 85712